UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| LEON D. FARLEE, | 3:19-CV-03013-RAL |
| --- | --- |
| Plaintiff, | |
| vs. | ORDER DIRECTING SERVICE |
| SGT #79 LIZ, AT HUGES CO. JAIL IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SGT #123 JESSE, AT HUGES CO. JAIL IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND NURSE NICHOLE, AT HUGES CO. JAIL IN HER INDIVIDUAL AND OFFICIAL CAPACITY; | |
| Defendants. | |

Plaintiff Leon D. Farlee was incarcerated at the Hughes County Jail in Pierre, South Dakota. Doc. 1. Farlee filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Id. Farlee also requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Doc. 2. For the following reasons, this Court grants Farlee's motion to proceed in forma pauperis and directs service.

I.    **Facts Alleged in the Complaint[1]**

On February 27, 2019, Farlee was booked into the Hughes County Jail. Doc. 1 at 4. Farlee informed Defendants that he had blood in his stool and a family history of colon cancer. Id. Farlee also informed Defendants that he had an appointment with Dr. Becker at Avera the next week to

---

[1] This Court makes no findings of fact at this point in the case. The matters set forth in this section are taken from the factual allegations pled in Farlee's Complaint, which this Court must take as true on initial screening.

address his concerns. Id. Defendants did not allow Farlee to attend the appointment with Dr. Becker. Id.

On April 5, 2019, Farlee asked Sgt. Jesse and Sgt. Liz to be moved to the bottom tier of the jail. Id. at 6, 8. Farlee's health was deteriorating and he felt unable to climb the stairs safely. Id. Farlee's request was denied despite available cells on the bottom tier. Id. Farlee was informed that only medical staff could transfer him to the first floor. Id. Farlee then filed a request for the names and positions of medical staff to file a lawsuit regarding medical care. Id. at 6. This request was returned unanswered. Id.

On April 6, 2019, Farlee requested to be moved to the bottom tier of the jail but his request was denied. Id. at 1. Farlee then asked Nurse Nichole to move him to the bottom tier. Id. He explained that he felt "faint, weak, and unable to make the climb due to loss of blood and fatigue from pain and lack of sleep." Id. He showed the nurse blood. Id. Nurse Nichole denied Farlee's request. Id.

On April 8, 2019, Farlee fell backwards, down seven stairs due to a dizzy spell. Id. at 6, 8. Farlee required emergency medical attention and was transported to the emergency room. Id. Farlee injured his shoulder and ribs during the fall. Id. at 9. After returning to the jail, Defendants failed to provide Farlee pain medication because they were out of pain medication. Id.

On April 9, 2019, Farlee was in bed and needed help to get to the toilet. Id. at 7. Farlee yelled for help for thirty minutes. Id. No helped arrived and Farlee urinated on himself. Id. Farlee requested a shower but did not receive one until 10:00 a.m. the next day. Id.

Farlee alleges that three weeks passed before the U.S. Marshals received Farlee's request for medical attention from Defendants. Id. When the Marshals received the request, they set up

an appointment for Farlee to see Dr. Becker on April 24, 2019. Id. at 5. Farlee claims fifty-six days elapsed from the time he submitted his medical request to the nurse at the jail. Id.

## II.    In Forma Pauperis Status

Farlee filed an Application to Proceed Without Prepayment of Filing Fees, Doc. 2, properly completed and a Prisoner Trust Account Report, Doc. 3, showing that he presently has a negative balance in his inmate trust account. Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). " 'When an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

(A)    the average monthly deposits to the prisoner's account; or
(B)    the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Farlee has reported average negative balance in his inmate trust account. Doc. 3. Based on this information, the court grants Farlee leave to proceed in forma pauperis and waives the initial partial filing fee. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Farlee must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute

places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Farlee's institution. Farlee remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997).

## III.    Screening of Claims

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or fail[] to state a claim on which relief may be granted; or (2) seek[]monetary relief from a defendant who is immune from such relief." See also Onstad v. Wilkinson, 534 F. App'x 581, 582 (8th Cir. 2013).

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Schreiner v. Quicken Loans, Inc., 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985); Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitations of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Farlee raises an Eighth Amendment claim in his complaint. Doc. 1. Farlee alleges that Defendants violated his Eighth Amendment rights by failing to provide him with adequate medical care. "[A] prison official who is deliberately indifferent to the medical needs of a prisoner violates the prisoner's constitutional rights." Letterman v. Does, 789 F.3d 856, 861 (8th Cir. 2015). To state an Eighth Amendment claim, Farlee must show "a substantial risk of serious harm to the victim," and "that the prison official was deliberately indifferent to that risk of harm . . . ." Id. at 861–62 (citing Gordon v. Frank, 454 F.3d 858, 862 (8th Cir. 2006)). Farlee alleges that he had blood in his stool and experienced severe dizzy spells, because it went under treated or ignored, he fell down the stairs. Farlee has alleged a substantially serious risk of harm.

The deliberate indifference element of this claim "has two components: an actor must 'know[] of and disregard[] an excessive risk to inmate health or safety.'" Id. at 862 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). Farlee alleges that each Defendant was aware of his reported illness and denied him care. Therefore, Farlee states a claim under the Eighth Amendment.

Farlee also raises a retaliation claim in his Complaint. Farlee alleges that Defendants retaliated against him for filing a civil complaint.

> In order to demonstrate retaliation in violation of the First Amendment under 42 U.S.C. § 1983, [Farlee] must "show (1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing in the activity, and (3) the adverse action was motivated at least in part by the exercise of the protected activity."

Spencer v. Jackson Cty. Mo, 738 F.3d 907 (8th Cir. 2013) (quoting Revels v. Vincenz, 382 870, 876 (8th Cir. 2004)). "The retaliatory conduct itself need not be a constitutional violation; the violation is acting in retaliation for 'the exercise of a constitutionally protected right.' " Id. (quoting Cody v. Weber, 256 F.3d 764, 771 (8th Cir. 2001)).

It is well established that "[t]hose in prison 'have a constitutional right of access to the courts.' " Williams v. Hobbs, 658 F.3d 842, 851 (8th Cir. 2011) (quoting Bounds v. Smith, 430 U.S. 817, 821 (1977)). Farlee alleges that Defendants denied him a cell on the first tier in retaliation for informing them that he was drafting a lawsuit. Doc. 1 at 6. Farlee maintains that each Defendant had the authority to move him to one of three open cells on the first tier. Id. at 8. He raises a viable claim for retaliation.

## IV. Order

Accordingly, it is hereby ORDERED

1. Farlee's motion to proceed without prepayment of fees, Doc. 2, is granted.

2. Farlee's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those payments to the court until the $350 filing fee is paid in full.

3. The Clerk of Court shall send a copy of this order to the appropriate official at Farlee's institution.

4. Farlee's Eighth Amendment claims survive screening.

5. The Clerk of Court shall send blank summons and USM-285 forms to Farlee.

6. Farlee shall complete and send to the Clerk of Court a separate summons and USM-285 form for each Defendant. Upon receipt of the completed summons and USM-285 forms,

the Clerk of Court will issue the summonses. If the completed summons and USM-285 forms are not submitted as directed, the Complaint may be dismissed.

7. The United States Marshals Service shall serve the completed summonses, together with a copy of the Complaint, Doc. 1, and this order, upon the Defendants. All costs of service shall be advanced by the United States.

8. Defendants will serve and file an answer or responsive pleading to the remaining claims in the Complaint on or before 21 days following the date of service, unless this Court enlarges the deadline to answer or otherwise respond.

9. Farlee will serve upon Defendants, or, if appearance has been entered by counsel, upon their counsel, a copy of every further pleading or other document submitted for consideration by this Court. Farlee will include with the original paper to be filed with the Clerk of Court a certificate stating the date and that a true and correct copy of any document was mailed to Defendants or their counsel.

DATED July **23** , 2019.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

7