UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| LEON D. FARLEE,<br><br>Plaintiff,<br><br>vs.<br><br>SERGEANT ELIZABETH HAUSMAN, IN HER INDIVIDUAL AND OFFICIAL CAPACITY; SERGEANT JESSE KIEPKE, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY; AND NURSE NICOLE HOFELDT, IN HER INDIVIDUAL AND OFFICIAL CAPACITY,<br><br>Defendants. | 3:19-CV-03013-RAL<br><br><br>OPINION AND ORDER IMPOSING SANCTIONS AND DISMISSING CASE |

Plaintiff Leon D. Farlee filed a pro se complaint under § 1983 against the above-named Defendants on May 16, 2019, contending he received substandard medical care while an inmate at the Hughes County Jail. Doc. 1. This Court directed service, and the Defendants answered. The case then languished.

On June 9, 2020, Defendants filed a Motion to Compel Discovery and for an Award of Attorney's Fees and Costs, Doc. 15, together with supporting materials. Defendants had served interrogatories and requests for production of documents on Farlee on October 30, 2019. Doc. 18-1 through 18-7. Defense counsel's letter serving the discovery requests advised Farlee that he had thirty days within which to respond to the discovery requests and that Farlee could request an

1

extension of time if he needed it. Doc. 18-1. The discovery requests were not unduly burdensome, overbroad, or in any sense unusual for a case of this nature.

Farlee failed to respond to any of the discovery requests within thirty days of October 30, 2019, so defense counsel wrote to Farlee on December 17, 2019, regarding the absence of any response. Doc. 18-8. Farlee contacted defense counsel, prompting defense counsel to send the discovery requests anew to Farlee on December 31, 2019. Doc. 18-9. Farlee sent a note on January 17, 2020, to defense counsel simply stating: "My only medical records would be at Eagle Butte IHS and Sioux San in Rapid City." Doc. 18-10. Farlee sent a signed HIPAA release with the letter, but enclosed no answers to any of the three sets of interrogatories and no other documents responsive to the three sets of requests for production. Defense counsel wrote to Farlee on March 18, 2020, giving Farlee until April 1, 2020, to respond to the discovery requests. Doc. 18-11. Defense counsel, on May 11, 2020, sent another letter regarding Farlee's lack of response to discovery requests. Doc. 18-12. Farlee still had not provided any answers to interrogatories or responses to requests for production by the June 9, 2020 date when the motion to compel was filed. Farlee did not file any response to the motion to compel, and his twenty-one-day period to do so under D.S.D. Civ. LR 7.1.B. elapsed.

In granting the motion to compel, this Court noted that pro se litigants like Farlee are equally bound by the Federal Rules of Civil Procedure as any other party. Lindstedt v. City of Granby, 238 F.3d 933, 937 (8th Cir. 2000); Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988). Defendants had made the required initial disclosures under Rule 26(a)(1) of the Federal Rules of Civil Procedure, albeit somewhat belatedly. Farlee made no such initial disclosures. Defendants served interrogatories under Fed. R. Civ. P. 33 and requests for production of documents under Fed. R. Civ. P. 34. Farlee had thirty days within which to answer

2

interrogatories, Fed. R. Civ. P. 33(b)(2), and to respond to the requests for production of documents, Fed. R. Civ. P. 34(b)(2)(A). Defense counsel served those discovery requests originally on October 30, 2019, and again on December 31, 2019. Farlee had produced only a signed HIPAA authorization and had not answered any of the three sets of interrogatories or responded otherwise to the requests for production of documents. Farlee did not even bother to resist the motion to compel and for sanctions; the last activity of Farlee in pursuing this case appears to be signing of a stipulation to correct the caption back in October of 2019. Doc. 12.

Part of this Court's Opinion and Order Granting Motion to Compel and for Sanctions stated:

> Defendants are entitled to "the reasonable expenses incurred in making the motion, including reasonable attorney's fees." Fed. R. Civ. P. 37(a)(5). This Court retains the authority, among other things, to dismiss the action if Farlee fails to abide by an order of this Court compelling discovery. Fed. R. Civ. P. 37(b)(2)(A)(v).

Doc. 19 at 3.

Despite this Court's order explicitly advising Farlee that this Court would consider possible dismissal of his case as a sanction, Doc. 19 at 3–4, Farlee did not abide by this Court's order to fully answer the interrogatories and respond to the requests for production of documents within twenty-one days. Indeed, despite the passing of more than six months since this Court's order Farlee has neither answered the discovery requests as compelled nor done anything to prosecute this case.

The only filings in this case since the Order Granting Motion to Compel and for Sanctions are three affidavits from the Defendants' counsel. Docs. 20, 21, 22. The first affidavit verified that the time spent preparing the motion to compel and supporting documents was 4.8 hours at $165 per hour, for a total of $792. This amount and billing rate are reasonable and constitute "the reasonable expenses incurred in making the motion, including attorney's fees" under Fed. R. Civ.

3

P. 37(a)(5). Farlee, whose conduct of not responding to discovery requests necessitated the motion to compel, should bear that expense. The other two affidavits from defense counsel, Docs. 21, 22, advise this Court that Farlee has not been in contact with defense counsel and has not responded to the discovery requests.

Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure provides in relevant part: "If a party... fails to obey an order to provide or permit discovery... the court where the action is pending may issue further just orders. They may include the following: ... (v) dismissing the action or proceeding in whole or in part." Fed. R. Civ. P. 37(b)(2)(A)(v). Similarly, Rule 41(b) allows for involuntary dismissal, upon defendant's motion, "[i]f a plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). The defendants have not filed a motion for dismissal under Rule 41; therefore, this Court considers whether dismissal is appropriate as a discovery sanction under Rule 37.

The sanction of dismissal has been described as "severe" and "among the harshest of sanctions." Sentis Grp., Inc. v. Shell Oil Co., 559 F.3d 888, 899, 901 (8th Cir. 2009). Thus, before a court dismisses a case under Rule 37(b)(2), it should consider "whether a sanction less extreme than dismissal would suffice, *unless* the party's failure was deliberate or in bad faith." Avionic Co. v. Gen. Dynamics Corp., 957 F.2d 555, 558 (8th Cir. 1992) (citation omitted). Dismissal is available as a discovery sanction if there is: "(1) an order compelling discovery, (2) a willful violation of the order, and (3) prejudice to the other party." Bergstrom v. Frascone, 744 F.3d 571, 576 (8th Cir. 2014) (citation omitted).

Here, all three requirements for dismissal are met. First, this Court issued an Opinion and Order Granting Motion to Compel and Grant Sanctions on July 16, 2020. In that opinion and order, this Court warned Farlee that failure to comply with this Court's order could result in dismissal.

See Id. at 575 ("[A]s the district court expressly warned a failure to abide by the deadlines would result in dismissal, a decision not to dismiss could have adversely impacted the district court's ability to manage the parties and other litigants."). Since that time, roughly six months has elapsed and Farlee has nonetheless failed to abide by that court order or prosecute this case. Farlee's lack of response or communication regarding defendants' unanswered discovery is a willful violation of this Court's order. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983) (per curiam) (finding deliberate violation of court order when plaintiff ignored defendant's discovery requests and court order); Heidersheid v. Russell, No. 18-cv-1733 (NEB/SER), 2019 WL 6075123, at *3 (D. Minn. Oct. 15, 2019) (finding willful violation of court order when plaintiff failed to respond to or communicate about defendants' discovery requests); Daniel v. Williams, No. 1:17-CV-70 CAS, 2018 WL 3819039, at *2 (E.D. Mo. Aug. 10, 2018) (construing plaintiff's failure to engage in discovery with the defendants as deliberate disobedience as opposed to an accident when the court had issued two court orders compelling discovery and warning that failure to comply could result in dismissal).

Further, Farlee's failure to abide by this Court's order has caused the defendants prejudice because they have been unable to conduct discovery in this case, despite having served discovery requests more than 15 months ago. Defendants made their Rule 26(a)(1) initial disclosures, and Farlee did not. Farlee repeatedly refused to respond to discovery requests or engage in the discovery process, and that willful refusal to participate in discovery has continued despite this Court's order. All of this prevents the defendants from moving forward with their defense of the case, which constitutes prejudice to the defendants. Avionic Co., 957 F.2d at 559 (holding prejudice in the discovery context exists where adversary's failure to engage in discovery impairs litigant's ability to assess factual merits of a claim). Thus, while dismissal is a sanction that should

be used sparingly, this Court finds this to be the rare case where the sanction is appropriate, particularly when the order compelling discovery that Farlee chose to violate specifically warned him of the possible sanction of dismissal. See Id. at 558–59 (affirming dismissal under Rule 37(b)(2) where plaintiff willfully violated a court order requiring him to respond to a deposition question); Clyburn v. Insulite Glass Co., No. 4:14CV1727 CDP, 2015 WL 4139342, at *1 (E.D. Mo. May 12, 2015) (finding dismissal appropriate under Rule 37(b)(2) when pro se plaintiff failed to produce initial disclosures required under Rule 26 and failed to respond to defendants' motion for sanctions); see also First Gen. Res. Co. v. Elton Leather Corp., 958 F.2d 204, 206–07 (8th Cir. 1992) (affirming dismissal under Rule 41(b) where plaintiff repeatedly failed to respond to defendants' discovery requests and ignored court order compelling plaintiff to do so despite the court's warning that it would tolerate no further delays).

Therefore, for good cause, it is hereby

ORDERED that Farlee pay $792 to Defendants by sending payment to Defendants' law firm May, Adam, Gerdes & Thompson, LLP under Fed. R. Civ. P. 37(a)(5) as sanctions for not originally answering interrogatories or responding to requests for production of documents. It is further

ORDERED that, as sanctions for disobeying this Court's Order Granting Motion to Compel and for Sanctions, this case is dismissed on its merits and in its entirety under Fed. R. Civ. P. 37(b)(2)(A)(v).

DATED this  1st  day of February, 2021.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE